BORRELLI & ASSOCIATES
P.L.L.C.
www.employmentlawyernewyork.com

910 Franklin Avenue
Suite 205
Garden City, NY 11530
Tel. No. 516.248.5550
Fax No. 516.248.6027

655 Third Avenue
Suite 1821
New York, NY 10017
Tel. No. 212.679.5000
Fax No. 212.679.5005

July 23, 2026

*Via ECF*
The Honorable Arlene R. Lindsay
United States Magistrate Judge for the
Eastern District of New York
814 Federal Plaza
Central Islip, New York 11722

Re: *Martinez v. ATTYX New York LLC et al., Docket No. 2:25-cv-05973-JMA-ARL*

Dear Judge Lindsay:

Plaintiff Jessel Martinez submits this reply to the July 16, 2026, opposition of Defendant ATTYX New York LLC to Plaintiff's letter motion for conditional certification of a Fair Labor Standards Act ("FLSA") collective action and related relief, which he served on Defendants on July 2, 2026.[1]

First, Defendant argues that Plaintiff's declaration fails the "modest factual showing" standard. Defendant's authorities, however, are misplaced, as they all involve facts inapposite to those here. In *Sanchez v. JMP Ventures, L.L.C.*, 2014 WL 465542 (S.D.N.Y. Jan. 27, 2014), the plaintiff, a delivery person, did not provide any details as to a single observation or conversation regarding the hours worked or wages paid to bussers, runners, waiters, or bartenders. In *HuerteroMorales v. Raguboy Corp.*, 2017 WL 4046337 (S.D.N.Y. Sept. 12, 2017), the only allegation in support of the plaintiff's "time shaving" FLSA claim was that his coworker told him that "he was 'not getting paid for all the hours he actually work[ed].'" In *Castro v. Spice Place, Inc.*, 2009 WL 229952 (S.D.N.Y. Jan. 30, 2009), the court denied certifying a collective action of all employees of six distinct New York corporations that denied jointly employing plaintiffs. By contrast, here, Plaintiff, a roofer for Defendant, declared that: he personally worked with about forty-five other non-managerial workers who performed the same and/or similar duties as he did; he personally observed them reporting to and leaving work at similar times; and virtually every day while working together on Defendants' clients' roofs he spoke to at least twelve of them who said that they were also paid a flat daily rate that did not change regardless of the number of hours that they worked in a day or in a week and thus did not include overtime pay. (Martinez Decl. ¶¶ 6-9).

[1] Defendant has forfeited any arguments on the manner or form of the notice by not raising them in opposition to Plaintiff's Motion. *See Jackson v. Bloomberg, L.P.*, 298 F.R.D. 152, 169 (S.D.N.Y. 2014). Defendant Bastion Supply Co. LLC has forfeited any arguments against certification by not submitting an opposition at all.

Defendant next argues that, because the declaration it submitted of John Reyes, Plaintiff's former supervisor, contradicts Plaintiff's testimony of the number of hours that Plaintiff worked, Plaintiff's motion should be denied. Of course, the Court cannot consider Defendant's competing declaration in resolving this motion. *See Bertone v. HSBC USA, Inc.*, 2019 WL 13144576, at *3 (E.D.N.Y. Mar. 15, 2019), *on reconsideration in part*, 2019 WL 13144578 (E.D.N.Y. Apr. 26, 2019) (Lindsay, *J.*) ("at this first procedural step, a court should not weigh the merits of the underlying claims in determining whether potential opt-in plaintiffs may be similarly situated. Thus, courts in this Circuit have found that competing declarations should not be considered at this juncture. Accordingly, Defendants' declarations will not be considered in deciding Plaintiffs' motion.") (internal quotations and citations omitted); *Spagnuoli v. Louie's Seafood Rest., LLC*, 2015 WL 13790209, at *4 (E.D.N.Y. Dec. 29, 2015) (Lindsay, *J.*) ("[T]he court may not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations.").

Defendant next argues that the proposed collective is overbroad on the basis that potential opt-in plaintiffs may not have worked "the same number of days per week or performed identical duties" as Plaintiff. But the correct legal standard is whether the plaintiff and putative opt-in plaintiffs "were victims of a common policy or plan that violated the law." *Scott v. Chipotle Mexican Grill, Inc.*, 954 F.3d 502, 515 (2d Cir. 2020) (internal citations omitted). "[I]f named plaintiffs and party plaintiffs share legal or factual similarities material to the disposition of their claims, dissimilarities in other respects should not defeat collective treatment." *Id.* at 516. For that reason, "courts have found employees similarly situated for purposes of the FLSA where they performed different job functions or worked at different locations, as long as they were subject to the same allegedly unlawful policies." *Santiago v. Information Resources Inc.*, 2022 WL 476091, at *5 (S.D.N.Y. Feb. 16, 2022) (internal quotations omitted). Defendant having allegedly employed three teams of roofers or paying some roofers car allowances does not change that Plaintiff and putative opt-in plaintiffs "were subject to the same allegedly unlawful policy" of Defendant requiring them to work over forty hours in a week but only paying them a daily wage that did not change regardless of the number of hours that they worked in a day or in a week. (Martinez Decl. ¶¶ 6-9). *Rosario v. Valentine Ave. Disc. Store, Co.*, 828 F. Supp. 2d 508, 516 (E.D.N.Y. 2011) (collecting cases); *see Chen v. Oceanica Chinese Restaurant, Inc.*, 2014 WL 1338315, at *9 (E.D.N.Y. Apr. 2, 2014) (permitting plaintiff to elicit through additional opt-in plaintiffs the true breadth of the alleged unlawful practices where nothing in the record suggested a basis for assuming that the alleged practice only affected one group of workers).

Finally, Defendant's proposals that the Court deny the motion until after discovery, grant the motion only with respect to roofers who worked under Reyes, and/or defer the production of contact information and shorten the notice period, are contrary to both the Court's March 22, 2026 order, (Dkt. No. 17), which requires the parties to utilize a specific discovery protocol, and the "broad, remedial purposes of the FLSA." *Savage v. Unite Here*, 2007 WL 1584206, at *1 (S.D.N.Y. May 31, 2007); *see Chen*, 2014 WL 1338315, at *9 ("notice . . . prior to full discovery is appropriate as it may further the remedial purpose of the [FLSA]"). "[I]f discovery later shows that only employees who worked at *particular* locations are similarly situated to plaintiff, the Court may, at that time, decertify the collective action." *Rosario*, 828 F. Supp. 2d at 517; *see Rahman v. Smith & Wollensky Rest. Grp., Inc.*, 2007 WL 1521117, at *4 (S.D.N.Y. May 24, 2007) ("[P]re-certification discovery on the merits of the class claims is generally inappropriate."). Here,

Defendant is not even seeking limited discovery on a discrete issue that might prove dispositive. Rather, it is asking for full merits discovery first. Defendant gets the process backwards.

Plaintiff respectfully requests that this Court grant Plaintiff's motion in its entirety.

Respectfully submitted,

Edgar M. Rivera, Esq.
*For the Firm*

To: All Counsel of Record (by ECF)